IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIO DIAZ,** | : | No. 3:12cv414 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **CITY OF SCRANTON DEPARTMENT** | : | |
| **OF LICENSING, INSPECTIONS &** | : | |
| **PERMITS,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Defendant City of Scranton, Department of Licensing, Inspections & Permits (hereinafter "defendant") moves to dismiss plaintiff's civil rights complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 5). This matter is fully briefed and ripe of disposition. For the following reasons, the court will grant in part and deny in part the motion to dismiss.

**Background**

The instant civil rights action arose from Plaintiff Mario Diaz's (hereinafter "plaintiff") dispute with defendant over the location and inspection of street vending food carts. Plaintiff operated a street vending food cart. (Doc. 1, Compl. ¶ 8). For some time before and after January 2, 2010, plaintiff operated his cart in close proximity to the Hardware Bar, located at 519 Linden Street in Scranton, Pennsylvania. (Id.) Scranton city ordinances require that street vendors obtain appropriate permits from the City of Scranton and operate at least 100 feet from the front of neighboring

businesses.  (Id. ¶ 9).  The Hardware Bar attracts customers who also patronize food carts.  (Id. ¶ 10).

On January 22, 2010, the Hardware Bar held a well attended concert by rapper Vanilla Ice as well as a "Girls Gone Wild" promotional event.  (Id. ¶ 11).  Prior to January 22, 2010, plaintiff complied with all of defendant's licensing and permitting requirements, plaintiff paid all required fees, and he otherwise complied with all laws and regulations that allowed him to operate a food cart 100 feet from the Hardware Bar.  (Id. ¶¶ 12-14).  Plaintiff contends that despite his compliance with all applicable requirements, defendant "played favorites" by allowing friends and/or relatives to operate their carts in closer proximity to the Hardware Bar.  (Id. ¶ 15).

Despite plaintiff's complaints to defendant, and efforts to comply with applicable city ordinances, plaintiff's cart was frequently subjected to inspections and subsequent enforcement of the 100 foot rule.  (Id. ¶¶ 16-18).  Plaintiff alleges that defendant's enforcement officers required him to "move his cart so that individuals who were friendly with the City of Scranton officials could have their food cart (sic) located in a more convenient location, all to the Plaintiff's detriment."  (Id. ¶ 18).  Plaintiff contends that the alleged acts of favoritism on the part of city officials occurred on January 22, 2010 and "have been recurring on repeated dates and times thereafter."  (Id. ¶ 20).

Plaintiff filed a claim with the Pennsylvania Human Rights Commission, which has issued a "right to sue" letter.  (Id. ¶ 19).  On March 5, 2012, Plaintiff filed the instant two-count civil rights complaint pursuant to 42 U.S.C. § 1983.

2

In Count I, plaintiff contends that defendant deprived him of property without due process of law in violation of the Fourteenth Amendment. (Id. ¶¶ 21-23). In Count II, plaintiff argues that defendant's conduct violated the Equal Protection Clause of the Fourteenth Amendment. (Id. ¶¶ 24-26). Defendant responded to the complaint with a timely motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (Doc. 5), bringing this case to its current posture.

**Jurisdiction**

Plaintiff asserts civil rights claims under 42 U.S.C. § 1983 (hereinafter "Section 1983"). The court has jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States."

**Standard of Review**

When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint are tested. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level."  McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations omitted).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the

type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted).  "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

The Supreme Court has counseled that a court examining a motion to dismiss should, "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.  Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681.

**Discussion**

Plaintiff filed the instant action pursuant to Section 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Section 1983 is a remedial statute and does not create substantive rights. Elmore v. Cleary, 399 F.3d 279, 281 (3d Cir. 2005) (quoting Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979)).  "A plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained

5

of injury." Id. (citation omitted).  The instant motion presents the issue of whether the complaint adequately states a constitutional claim.

Defendant asserts that plaintiff has failed to state Fourteenth Amendment claims under the Due Process or Equal Protection Clauses and that the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Although the complaint does not precisely name the theories under which the Fourteenth Amendment Due Process and Equal Protection claims are brought, plaintiff clarifies in his brief in opposition to the motion to dismiss that Count I of his complaint sets forth a substantive due process claim and that Count II sets forth an equal protection claim under the "class-of-one" doctrine.  (See Doc. 9, Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss at 6-10).  The court will assess, in turn, whether plaintiff articulated claims under these respective theories.

### A. Substantive Due Process Claim

Count I of the complaint alleges that defendant violated plaintiff's Fourteenth Amendment due process rights.  (Doc. 1, Compl. ¶¶ 21-23).  Plaintiff subsequently clarified in his brief in opposition to the motion to dismiss that Count I asserts a substantive due process claim.  (See Doc. 9, Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss at 6).  The court finds that plaintiff failed to state a substantive due process claim as a matter of law.  Count I of the complaint will be dismissed.

The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due

process of law . . . ." U.S. CONST. AMEND. XIV. The substantive due process clause is a "component of the [Fourteenth Amendment] that protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'" Collins v. City of Harker Heights, 503 U.S. 115, 125 (1992) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)). However, "[t]he history of substantive due process counsels caution and restraint[,]" and "[e]ach new claim to [substantive due process] protection must be considered against a background of Constitutional purposes, as they have been rationally perceived and historically developed." Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 229 (1985) (Powell, J., concurring) (citations and internal quotations omitted).

To establish a substantive due process claim, "'a plaintiff must prove [1] the particular interest at issue is protected by the substantive due process clause and [2] the government's deprivation of that protected interest shocks the conscious.'" Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 190 (3d Cir. 2009) (quoting Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008)). When the challenged state action is non-legislative, courts assessing whether the particular interest is protected by the due process clause "look, as a threshold matter, to whether the property interest being deprived is 'fundamental' under the Constitution." Nicholas v. Pa. State Univ., 227 F.3d 133, 142 (3d Cir. 2000). The Third Circuit Court of Appeals provides that "[f]undamental rights are rights that are 'deeply rooted in the Nation's history and traditions . . . [and] interests implicit in the concept of

7

ordered liberty like personal choice in matters of marriage and family.'" Wrench Transp. Sys., Inc. v. Bradley, 340 F. App'x 812, 815 (3d Cir. 2009) (quoting Nicholas, 227 F.3d at 143).

Plaintiff submits that he adequately stated a violation of his fundamental right to "earn a living and employment through his food cart." (Doc. 9, Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss at 7). Plaintiff cites no cases in support of this particular fundamental right. The court will decline plaintiff's invitation to find such a right. No fundamental right to earn a living and employment though a food cart exists under the United States Constitution.

The fundamental right plaintiff claims–the right to earn a living through a food cart–is similar to the intangible employment rights that courts have consistently declined to extend substantive due process protection over. See, e.g., Bradley, 340 F. App'x at 815-16 (holding that intangible employment rights such as the "right to engage in business" and the right to the ownership of trucks are not entitled to substantive due process protection); Leib v. Hillsborough Cnty. Pub. Transp. Comm'n, 558 F.3d 1301, 1306 n.4 (11th Cir. 2009) (noting that the plaintiff's substantive due process claim, although abandoned on appeal, "would have failed in any event given our holding that employment rights do not enjoy substantive due process protection because such rights are state-created . . ., not 'fundamental' rights created by the Constitution." (citation and internal quotations omitted)); Hill v. Borough of Kutztown, 455 F.3d 225, 234 n.12 (3d Cir. 2006) ("To the extent Hill's substantive due process claim was based not only on loss of his job, but also

on reputational injury that decreased his 'ability to earn a living,' it also fails." (citation and internal quotations omitted)).

Any right plaintiff has to earn a living through a food cart, like other intangible employment rights, arises from state law and does not spring from the fundamental guarantees of the Constitution. Municipalities in the United States have a history of stringently regulating or even prohibiting food cart vendors;[1] thus, the right to freely operate a food cart is not "deeply rooted" in our Nation's history and traditions. Nor is the right to freely operate a food cart implicit in our concept of ordered liberty. Therefore, the court finds that plaintiff fails to allege a property right that is protected by the Constitution and does not state a substantive due process cause of action as a matter of law. The court will dismiss Count I of the complaint.

## B. "Class of One" Equal Protection Claim

Plaintiff asserts in Count II of the complaint that "Defendant's acts and failure to act . . . deprived the Plaintiff of his rights under the Fourteenth Amendment to the United States Constitution to the equal protection of the

---

[1] A survey of cities (both large and small) reveal that Scranton is far from unique in its regulation of when, where, and how street vendors can earn a living. For example, the City of New Orleans in Louisiana only issues 100 permits to food truck vendors and prohibits them from operating in entire sections of the city. See R. Stephanie Bruno, Food Trucks Rally to Gain Support for Changing New Orleans Laws, NEW ORLEANS TIMES PICAYUNE, July 24, 2012 at C, available at 2012 WLNR 15445741. Maplewood, Missouri recently enacted a draconian food vendor ordinance, which completely bans food trucks out of fear that they "cannibalize" local restaurants. See No Food Trucks for Maplewood, ST. LOUIS POST-DISPATCH, Jun. 14, 2012, at A2, available at 2012 WLNR 12439925.

9

law." (Doc. 1, Compl. ¶ 25). Plaintiff elaborates in his brief in opposition to the motion to dismiss that he advances his equal protection claim under the "class of one" doctrine. (See Doc. 9, Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss at 8). The court agrees with plaintiff that he successfully states a claim under the "class of one" doctrine, and defendant's motion to dismiss will be denied with respect to Count II.

The Supreme Court of the United States has "explained that '[t]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.'" Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curium) (quoting Sioux City Bridge Co. v. Dakota Cnty., 260 U.S. 441, 445 (1923)). Supreme Court jurisprudence has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id. (citations omitted).

To assert a claim under the "class of one" doctrine, a plaintiff "must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill, 455 F.3d at 239. Put another way, to survive a motion to dismiss, a complaint alleging a claim under the "class of one" doctrine must aver, at a minimum, that the defendant intentionally

treated the plaintiff differently from others similarly situated and that there was no rational basis for such treatment.  Phillips, 515 F.3d at 243.  Though, the plaintiff need not identify in a complaint actual instances where others have been treated differently to state a "class of one" equal protection claim; more general allegations are acceptable.  Id. at 244 (citing Demuria v. Hawks, 328 F.3d 704, 707 (2d Cir. 2003)).

Plaintiff adequately pled a "class of one" equal protection claim in the instant case.  Plaintiff alleges that on January 22, 2010, and other occasions, defendant's agents treated plaintiff differently from other Scranton food cart vendors.  (Id. ¶¶ 15, 20).  Plaintiff alleges that defendant's agents treated plaintiff differently by conducting more frequent inspections of plaintiff's food cart than other street vendors' food carts.  (Id. ¶ 17).  Plaintiff also alleges that defendant's agents treated plaintiff differently by forcing plaintiff to operate farther away from the Hardware Bar, providing other street vendors with a more convenient location.  (Id. ¶¶ 15-16, 18).  Plaintiff alleges that defendant's conduct was intentional and motivated out of defendant's relationships with other food cart vendors, as opposed to a rational government purpose.  (See id.)  The court finds that plaintiff has alleged sufficient facts to plausibly suggest that discovery will reveal evidence that plaintiff is entitled to relief.  Accordingly, defendant's motion will be denied with respect to Count II.

**Conclusion**

For the reasons stated above, the court finds that plaintiff failed to

satisfy federal pleading standards with respect to Count I and satisfactorily stated a claim with respect to Count II.  Accordingly, defendant's motion to dismiss will be granted in part and denied in part.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARIO DIAZ, | : | No. 3:12cv414 |
|     **Plaintiff** | : | |
| | : | (Judge Munley) |
|   v. | : | |
| | : | |
| CITY OF SCRANTON DEPARTMENT | : | |
| OF LICENSING, INSPECTIONS & | : | |
| PERMITS, | : | |
|     **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 20th day of August 2012, defendant's motion to dismiss plaintiff's complaint filed pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 5) is hereby **GRANTED IN PART** and **DENIED IN PART** as follows:

    1. Defendant's motion is **GRANTED** with respect to plaintiff's claims under the Due Process Clause of the Fourteenth Amendment and Count I is **DISMISSED**; and

    2. Defendant's motion is **DENIED** in all other respects.

                                      **BY THE COURT:**

                                      **s/ James M. Munley**
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**